# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17-CR-94-GKF |
| JOSE RAWDON TRUJILLO, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The court previously found Defendant incompetent to stand trial and committed him to the Bureau of Prisons to attempt to restore him to competency. After a period of mental health treatment, the Bureau of Prisons reported that Defendant remains incompetent and is unlikely to be restored to competency in the foreseeable future in the absence of anti-psychotic medication, which Defendant refuses to take.

A hearing was held before the undersigned United States Magistrate Judge on August 28, 2018 to consider the government's request that the court order that Defendant be involuntarily medicated to attempt to restore his competency to stand trial. At the Defendant's request the Defendant and his attorney attended the hearing by videoconferencing from the Bureau of Prisons Medical Center where Defendant is being treated. The parties stipulated that the evidence the court should consider is the Forensic Report dated April 6, 2018, the Proposed Treatment Plan dated June 8, 2018, and the Defendant's statements at the hearing.

Based on the evidence the court finds that involuntary medication is not appropriate under *Washington v. Harper,* 494 U.S. 261, 110 S.Ct. 2841, 108 L.Ed.2d 178 (1990) as the Forensic Report states that Defendant did not appear to be gravely disabled, a danger to

1

himself, or a danger to others in a correctional environment at this time. A defendant who does not meet the conditions expressed in *Washington v. Harper* may be involuntarily medicated under some conditions. In *Sell v. United States,* 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003) the Supreme Court established four factors to be considered in making the determination about whether a defendant may be involuntarily medicated to restore competency to stand trial. The court makes the following findings on the *Sell* factors.

### Existence of Important Governmental Interest

The government has an important interest in the prosecution of persons accused of serious violent crimes and an important interest that it only prosecute persons who are competent to stand trial. "Whether a crime is 'serious' relates to the possible penalty the Defendant faces if convicted, as well as the nature or effect of the underlying conduct for which he was charged." *U.S. v. Valenzuela-Puentes,* 479 F.3d 1220, 1226 (2007). Defendant is charged with nine counts of Interstate Communication of a Threat and Threat to Injure by Means of Explosive. The alleged threats occurred on seven separate occasions involving five separate alleged victims. If Defendant is convicted, the combined maximum sentence is seventy five years. The sentencing guideline range appears to be eighteen to twenty four months. The court finds that Defendant is charged with serious violent crimes.

The court has considered the Defendant's argument that the government's interest is greatly diminished because Defendant has already been in custody for one year and the likely guideline sentence will be eighteen to twenty four months if Defendant is convicted. Defendant argues that the likely remaining sentence is so short so as to diminish the

government's interest. The court is not persuaded that the government's interest is so reduced that involuntary medication is inappropriate. The court must also factor in the maximum sentence possible (75 years) and the particular facts of the case including the number of threats (7), the violent nature of the threats (explosion of buildings), and the number of victims (5). The court has also considered Defendant's statement about his background, his concern that the medication could impact his drug abuse recovery, and his religious beliefs. The court concludes that these factors do not reduce the government's interests so as to make involuntary medication inappropriate in this case.

<u>Whether Proposed Involuntary Medication Will Serve Governmental Interest</u>

Based on the Forensic Report and Proposed Treatment Plan, the court finds by clear and convincing evidence that the involuntary medication regimen outlined will significantly further important governmental interests in that there is a substantial likelihood that administration of medication will render Defendant competent to stand trial. Further, the court finds that the side effects of the proposed medication are substantially unlikely to interfere significantly with Defendant's ability to assist counsel in conducting a defense.

<u>Necessity of Involuntary Medication</u>

The court finds by clear and convincing evidence that involuntary medication is necessary to restore Defendant to competency, thus furthering the aforementioned important governmental interests. Based on the evidence presented, the court finds by clear and convincing evidence that less intrusive methods are unlikely to achieve substantially the same result as involuntary medication.

### Medical Appropriateness

The court finds by clear and convincing evidence that administering anti-psychotic medication in the regimen outlined in the Proposed Treatment Plan to Defendant is medically appropriate. In light of Defendant's mental condition, it is in Defendant's best medical interest to receive the proposed medication.

### Treatment Plan and Duration

The court approves the Proposed Treatment Plan and orders that it be carried out. The treatment staff is allowed to administer a full four month period of involuntary treatment as described under 18 U.S.C. § 4241(d) to restore Defendant's competency to stand trial. In addition, in the event Defendant refuses, or is unable to consent, the treatment staff is permitted to perform any physical and laboratory assessments and monitoring which are clinically indicated to monitor for medication side effects. Ongoing involuntary treatment is authorized until the conclusion of all pretrial and trial proceedings.

### Conclusion

The government's request for an order requiring the involuntary medication of Defendant is GRANTED under the terms specified herein.

A report on the status and efficacy of Defendant's treatment is required in advance of the January 2, 2019 hearing at 10:00 a.m., or earlier as warranted by Defendant's response to treatment.

SO ORDERED this 29th day of August, 2018.

*[Signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE